UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
NADIA MARIA ADDASI, Individually and
on behalf of a class,

Case No.   17-cv- 3063

Plaintiff,

- against –

PROFESSIONAL BUREAU OF COLLECTIONS
OF MARYLAND, INC.,

Defendant.
--------------------------------------------------------------X

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Professional Bureau of Collections of Maryland, Inc.  Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and NYGBL §349.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information.  15 U.S.C. §§ 1692c, 1692e, 1692g(a), and NYGBL §349.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

**PARTIES**

4. Plaintiff, Nadia Maria Addasi, is an individual resident of the State of New York, residing in the County of Queens.  Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.  Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

5. Defendant, Professional Bureau of Collections of Maryland, Inc. ("PBCM") is a Maryland Foreign Business Corporation doing business in New York.  Defendant is regularly engaged in the collection of debts allegedly owed by consumers.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

**FACTS**

6. At some point in time, Plaintiffs allegedly incurred a personal debt to The Rock Health and Fitness ("The Rock").

7. At some subsequent point in time, The Rock alleged that the debt fell into default.

8. On February 21, 2017, Plaintiff's attorney, Gregory Messer, Esq. ("Messer") sent an e-mail to "Maria" at The Rock advising her that Plaintiff "has retained an attorney" and "[p]lease direct all communications to the undersigned." (the "Messer E-mail").  Copy of the Messer E-mail is annexed hereto as Exhibit A.  Messer also telephoned representatives of The Rock to advise them of his representation of Plaintiff.

9. Subsequent to the Messer E-mail, on information and belief, The Rock placed the debt with defendant in an attempt to collect the debt from Plaintiff.

10. On March 3, 2017, a person from Defendant's office telephoned Plaintiff in an attempt to collect the debt allegedly owed to The Rock.  The telephone call came from the number

2

800-270-9685, a number which is registered with Defendant. Plaintiff told the caller that she is represented by a lawyer and offered to provide the lawyer's information (i.e. name, address, phone number). Plaintiff further told the debt collector that her lawyer's information was given to The Rock. Defendant's representative refused to listen any further and hung up.

11. The March 3rd phone call was the initial communication from Defendant to Plaintiff.

12. On March 10, 2017, Defendant sent to Plaintiff the collection letter annexed hereto as Exhibit B.

13. Exhibit B sought to collect a debt incurred for personal, family or household use and not for business purposes.

14. Exhibit B is dated seven (7) days after the initial communication by the Defendant with the Plaintiff.

15. Exhibit B contains the Validation Notice, as required by 15 U.S.C. § 1692g(a).

16. Thereafter, between March 3, 2017 and continuing until the present time, Defendant commenced a telephone campaign against Plaintiff by calling her on nearly a daily basis, sometimes leaving a voicemail message, sometimes simply hanging up.

17. At the time that Exhibit B was mailed to Plaintiff, Defendant knew or should have known that Plaintiff was represented by counsel and may not communicate with the Plaintiff in connection with the collection of a debt.

18. At the time that Defendant placed the collection telephone calls to the Plaintiff, Defendant knew or should have known that Plaintiff was represented by counsel and may not communicate with the Plaintiff in connection with the collection of a debt.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiffs have been damaged.

### FIRST CAUSE OF ACTION
(Violation of 15 U.S.C. § 1692c(a)(2) and 1692e(10))

20. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint as though set forth at length herein.

21. PBCM knew that Plaintiff was represented by counsel and should not be contacted directly.

22. PBCM knew of Plaintiff's legal representation before it sent the collection letter directly to Plaintiffs' home.

23. PBCM knew of Plaintiff's legal representation before it made the collection telephone calls between March 3, 2017 and the present.

24. 15 U.S.C. § 1692c(a) states:

(a)**COMMUNICATION WITH THE CONSUMER GENERALLY:** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer

25. PBCM knew that Plaintiff was represented by counsel since Messer expressly notified The Rock that he represents the Plaintiff and that all communications with the Plaintiff must stop and must be directed to Messer. Upon information and belief, The Rock advised Defendant of Messer's representation and Defendant knew or should have known that Plaintiff was represented by counsel at the time that it communicated with the Plaintiff, thereby violating the FDCPA, § 1692c(a)(2).

26. PBCM knew that Plaintiff was represented by counsel since Plaintiff, during the March 3, 2017 phone call with Defendant, advised the Defendant that she is represented by counsel. PBCM ignored Plaintiff's representation and continued to communicate directly with Plaintiff when it had actual knowledge that Plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

27. Defendant is further in violation of the FDCPA, § 1692e(10) in that defendant's conduct in contacting Plaintiffs directly when it knew that Plaintiffs were represented by counsel, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead the Plaintiffs into communicating with defendant directly in disregard of the representation of their counsel.

28. As a result of defendant's violation of the FDCPA, plaintiffs have been damaged and are entitled to statutory damages, actual damages, costs and attorney fees.

## SECOND CAUSE OF ACTION
### (Violation of NYG L § 349)

29. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as though set forth at length herein.

30. Defendant owed a duty to plaintiffs to effect its collection of Plaintiffs' alleged debt with a reasonable care.

31. Defendant breached its duty to collect Plaintiffs' debt with reasonable care.

32. In the exercise of reasonable care, defendant ought to have ensured that for any account on which an attorney represented the consumers, any communication by defendant was made with the attorney, and not with the consumers directly.

33. The fact that defendant contacted Plaintiffs directly regarding the same debt for which they had attorney representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

34. Defendant's act of communicating with Plaintiffs directly is a deceptive act and practice.

35. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYG L § 349.

36. Defendant maintained no procedure to ensure that it does not communicate directly with legally-represented consumers.

37. Defendant's said conduct of communicating directly with legally-represented consumers has a broad impact on consumers at large whose accounts are placed with Defendant for collection and who are represented by counsel in the matter of the collection or foreclosure.

38. Defendant owes a duty to Plaintiffs and consumes at large to honor their right to legal representation and defendant's failure to honor Plaintiffs' said right resulted in defendant sending a collection letter and placing numerous telephone calls to Plaintiff at her home, thereby improperly encouraging Plaintiff to contact defendant directly about a debt for which she had the representation of counsel.

39. Therefore, defendant's failure to honor Plaintiffs' legal representation and its sending of the collection letter and placing of numerous telephone calls to Plaintiff at her home was deceptive and misleading in a material way.

40. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

41. Upon receipt of defendant's collection letter and the numerous telephone calls, Plaintiff felt confusion, irritation, upset, and surprise and felt that she were being hounded by defendant despite defendant's knowledge that Plaintiff was represented by counsel.

42. Defendant violated NYG L § 349(a) by its sending of the collection letter directly to Plaintiff at her home and by placing numerous telephone calls directly to Plaintiff and is liable to Plaintiff under NYG L § 349(h).

43. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. As a result of the above violations, defendant is liable to Plaintiffs in an amount to be determined at the time of trial, plus costs and attorneys' fees.

## THIRD CAUSE OF ACTION
(Violation of 15 U.S.C. § 1692g(a))

45. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 44 of this Complaint as though set forth at length herein.

46. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

47. Section 1692g:

**(a) Notice of debt; contents** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector

will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (the "Validation Notice")

48. Defendant's initial communication with the Defendant was on March 3, 2017. That communication was by telephone and did not contain the Validation Notice.

49. Seven (7) days after the initial communication, Defendant sent Plaintiff a written notice containing the Validation Notice.

50. Pursuant to 15 U.S.C. § 1692g(a), the Validation Notice must be sent within five days of the initial communication with the consumer.

51. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the Validation Notice within five days from its initial communication with Plaintiff.

52. As a result of the above violations, defendant is liable to Plaintiffs in an amount to be determined at the time of trial, plus costs and attorneys' fees.

## CLASS ALLEGATIONS

53. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

54. The class consists of (a) all natural persons (b) who were sent a letter seeking to collect a debt (c) which contained a Validation Notice (d) which was sent more than five days after the initial communication with the consumer (e) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

55. A separate class consists of (a) all natural persons (b) who were represented by counsel (c) and such representation was known by the collection agent (d) and was ignored by the collection agent who continued to communicate directly with the consumer (e) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

8

56. The class is so numerous that joinder is impracticable.

57. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

58. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

       a. whether the Validation Notice was provided to the consumer more than five days of the initial communication;

       b. Whether the debt collector communicated with the consumer in connection with the collection of a debt when it knew that the consumer was represented by an attorney; and

       c. Whether the letter violates the FDCPA.

59. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

60. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

61. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)   Statutory damages;

b)    Attorney's fees, litigation expenses and costs of suit;

c)    Declaratory relief finding the collection letter violates the FDCPA;

d)    Enjoining Defendant from continuing to communicate with Plaintiffs directly pursuant to NYGBL § 349;

e)    Awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial; and

f)    For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
        May 19, 2017

SHAKED LAW GOUP, P.C.
Attorneys for Plaintiff
By:_____
Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 704-7555
e-mail: ShakedLawGroup@Gmail.com

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)